**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alonzo HALL, Defendant-Appellant.**

No. 71-2094
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1972.

Certiorari Denied May 15, 1972.
See 92 S.Ct. 1801.

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Nath C. Doughtie, Gainesville, Fla. (court-appointed) for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Rev. Alonzo Hall appeals from his Dyer Act (Title 18, U.S.C., Section 2313) conviction and sentence to five years confinement for unlawfully and knowingly receiving, storing, bartering, selling and disposing of a 1968 Buick Skylark automobile moving as and a part of interstate commerce from the State of New York to the State of Florida. The appeal raises questions (a) generally as to the sufficiency of the government's proof to establish guilt, and specifically as to the proof of identity of the car stolen in New York with the car of the same make and model received and sold in Florida; (b) contending that the transaction lost its interstate character when the car was in the possession of another in Florida for a short time before it came into appellant's possession; and (c) that the trial court erroneously admitted evidence of the sale of another stolen motor car not named in the indictment. We find the appeal to be without substance and affirm.

■ In addition to other government proof, the testimony of an accomplice, Charles Lee Jones, who transported the stolen Buick from New York to Florida was sufficient to take the question of appellant's guilt, including his knowledge of the stolen character of the vehicle, to the jury. The testimony of the same witness, Jones, coupled with a comparison of the New York registration with the description of the vehicle dealt with in Florida was sufficient to remove all reasonable doubt as to the identity of the vehicle, despite a discrepancy or a miscopying of one symbol in the long identification number.[1]

■ Charles Lee Jones testified that he brought the car from New York to Florida, and that he told Rev. Alonzo Hall that it was stolen when he sold it to Rev. Hall. The transaction was not shorn of its interstate character by defense testimony that Jones' wife, Lorraine Jones, was in possession of the car for a short period between the time it reached Florida and the time it was delivered to the appellant.

■ Likewise we hold that it was proper, as bearing upon the question of criminal intent, for the court to receive evidence that Rev. Alonzo Hall purchased a stolen Cadillac from Jones and

---

1. The registration slip to the New York owner listed the ID No. as 4353781*ll*-59718, while the testimony at trial as to the car purchased from appellant showed an ID No. 4353781*H*59718. Despite the discrepancy, the jury would be justified in finding that the vehicle sold in Florida was identical with the one stolen in New York.

disposed of it by sale at a time shortly prior to the Buick Skylark transaction.[2]

The judgment appealed from is Affirmed.

2. See United States of America v. Greenberg, 5 Cir. 1970, 423 F.2d 1106, and cases there collected dealing with the question of the admissibility of evidence as to similar criminal activities to prove intent and knowledge.